UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALISHA MITCHELL | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 4:23-cv-837 |
| UNIVERSITY OF HOUSTON | § § § | JURY TRIAL DEMANDED |
| *Defendant.* | § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

ALISHA MITCHELL ("Ms. Mitchell" or the "Plaintiff") hereby brings this Complaint against the UNIVERSITY OF HOUSTON ("UH" or "Defendant") and in support thereof respectfully shows the Court the following:

**INTRODUCTION**

1. Alisha Mitchell (Black) worked as the Senior Operations Manager for the University of Houston School of Medicine's Family Care Center. Ms. Mitchell's initial supervisor, Kimberly Cook (Black), Senior Director of Clinic Operations, left the position shortly after hiring Ms. Mitchell. Ms. Mitchell then reported to Jeremekia Amos (Black), Executive Director of Business Operations, until mid-May 2022. On or about May 16, 2022, Danielle Brownlie (White), Senior Director of Clinic Operations, became Ms. Mitchell's direct supervisor. Up to that time, Ms. Mitchell had not received any documented counseling or discipline regarding her job performance. Eleven days later, however, Ms. Brownlie abruptly terminated Ms. Mitchell's employment for "poor performance."

1

2. As described below in more detail, Defendant's actions constitute unlawful discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*.

## PARTIES

3. Ms. Mitchell is an individual who resides in Harris County, Texas.

4. University of Houston is a state-funded University in the State of Texas. Defendant may be served with process by serving Texas Attorney General, Ken Paxton, at the Office of the Attorney General, P.O. Box 12548 Austin, TX 78711.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Ms. Mitchell's causes of action arise under federal statutes. Specifically, Ms. Mitchell brings causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*.

6. Venue is proper in the Southern District of Texas – Houston Division pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district where a substantial part of the events or omissions giving rise to Ms. Mitchell's claims occurred.

7. This Court has jurisdiction over all claims in this action. The amount of controversy is within the jurisdictional limits of this Court.

## ADMINISTRATIVE PROCEDURES

8. On July 12, 2022, Ms. Mitchell filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that Defendant discriminated against her based on her race and color and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*. The EEOC issued a Notice of Right to Sue

dated December 8, 2022. Ms. Mitchell files this lawsuit within ninety-days of receiving the Notice. Therefore, Ms. Mitchell's claims under Title VII of the Civil Rights Act of 1964 are timely filed.

## FACTUAL ALLEGATIONS

9. Alisha Mitchell (Black) began working as Senior Operations Manager for the University of Houston School of Medicine's Family Care Center on or about January 31, 2022.

10. Ms. Mitchell's initial supervisor, Kimberly Cook (Black), Senior Director of Clinic Operations, left her position shortly after hiring Ms. Mitchell. Subsequently, Ms. Mitchell reported to Jeremekia Amos (Black), Executive Director of Business Operations, until mid-May 2022.

11. Ms. Mitchell worked diligently in her position and helped to establish procedures and processes for the Center. She received positive feedback from management, including various physicians and departmental heads. Under Ms. Cook and Ms. Amos, Ms. Mitchell did not receive formal counseling or progressive discipline. Further, Ms. Mitchell was never advised of any performance deficiencies, lack of proficiency, or failure to meet expectations.

12. On or about May 16, 2022, Danielle Brownlie (White), Senior Director of Clinic Operations, became Ms. Mitchell's direct supervisor. Ms. Mitchell assisted Ms. Brownlie in transitioning into the role on May 16, 17 and 18. Ms. Mitchell then went on pre-approved time-off, returning on May 24.

13. On May 25, Ms. Brownlie inquired about Ms. Mitchell's work-schedule, which had previously been approved by Ms. Amos. During the conversation, Ms. Brownlie engaged in inappropriate conduct toward Ms. Mitchell, including rudely commenting on Ms. Mitchell's nails and hair and making facial expressions toward her physical appearance indicating disgust.

14. The following day, May 26, Ms. Brownlie again subjected Ms. Mitchell to inappropriate conduct by raising her voice, making aggressive gestures, and invading her personal space.

15. That afternoon, Ms. Mitchell contacted Alejandra Rodriguez (Hispanic), Human Resources Specialist. Ms. Mitchell expressed concerns that Ms. Brownlie was treating her differently because of her race, Black. Ms. Rodriguez stated that she would relay the report to an HR Business Partner and asked Ms. Mitchell to do the same.

16. The following morning, May 27, Ms. Mitchell left a voicemail for Carlos Luis, Director of Human Resources Services, regarding her concerns.

17. Later that morning, Ms. Brownlie sent Mr. Luis an email, requesting to terminate Ms. Mitchell. Ms. Brownlie's rationale focused on subjective reasons, based on a handful of interactions. These included terms tied to unflattering stereotypes associated with Black women, including accusing Ms. Mitchell of being "disrespectful," "combative," "dramatic," and a "poor thinker." Further, Ms. Brownlie accused Ms. Mitchell of "unprofessional" conduct when, in fact, Ms. Brownlie had invaded Ms. Mitchell's personal space and engaged in various outbursts. Further, Ms. Brownlie exaggerated and fabricated alleged "attendance issues." Ms. Mitchell had never been disciplined for attendance issues and, at most, Ms. Brownlie witnessed Ms. Mitchell arrive to work a few minutes late on one occasion (because Ms. Mitchell's kids school bus ran slightly late).

18. Shortly thereafter, Ms. Mitchell emailed Mr. Luis, asking to set up a time to speak "regarding an urgent matter." Knowing about Ms. Mitchell's circumstances, rather than respond, Mr. Luis approved Ms. Mitchell's termination.

19. Later that afternoon, Ms. Brownlie terminated Ms. Mitchell's employment. In the termination letter, Ms. Brownlie claimed that she had spoken to Ms. Mitchell "on several occasions" about her performance and Ms. Mitchel had "not demonstrated a change or adjustment on the job." However, Ms. Mitchell had only worked with Ms. Brownlie for what amounted to five days.

20. Ms. Mitchell's duties were absorbed by non-Black employees, including Ms. Brownlie.

### COUNT 1 - TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
*DISCRIMINATION*

21. Ms. Mitchell incorporates all allegations contained in the foregoing paragraphs.

22. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII"). 42 U.S.C. § 2000e(a)(d). Ms. Mitchell is an employee under Title VII. 42 U.S.C. § 2000e(f).

23. Ms. Mitchell belongs to protected classes under Title VII, 42 U.S.C. § 2000e-2, based on her race and color (Black).

24. Defendant discriminated against Ms. Mitchell in violation of Title VII based on Ms. Mitchell's race and color by treating her less favorably than employees outside of her protected classes and terminating Ms. Mitchell's employment.

25. Defendant's violations of Title VII damaged Ms. Mitchell. Ms. Mitchell seeks to recover all legal and equitable relief to which she is entitled because of Defendant's unlawful actions, including the recovery of back pay, benefits, reinstatement or front pay, compensatory damages, pre-judgment interest, attorney's fees and costs.

## COUNT 2 - TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### *RETALIATION*

26. Ms. Mitchell incorporates all allegations contained in the foregoing paragraphs.

27. Ms. Mitchell engaged in protected activity under Title VII by opposing Defendant's discriminatory actions. *See* 42 U.S.C. § 2000e-3(a).

28. Defendant retaliated against Ms. Mitchell by terminating Ms. Mitchell's employment because she opposed practices in violation of Title VII.

29. Defendant's violations of Title VII damaged Ms. Mitchell. Ms. Mitchell seeks to recover all legal and equitable relief to which she is entitled because of Defendant's unlawful actions, including the recovery of back pay, benefits, reinstatement or front pay, compensatory damages, pre-judgment interest, attorney's fees and costs.

## JURY TRIAL

30. Ms. Mitchell demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff ALISHA MITCHELL respectfully prays that Defendant UNIVERSITY OF HOUSTON be cited to appear and answer and that, upon final hearing of the cause, judgment be entered for Ms. Mitchell against Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and other and further relief to which Ms. Mitchell may be justly entitled at law or in equity.

Respectfully submitted,

/s/ *Mauro Ramirez*

**MAURO RAMIREZ**
TX State Bar No. 24060460
**RAMIREZ LAW, PLLC**
1980 Post Oak Blvd.
Suite 100
Houston, TX 77056
P: (713) 955-3480
F: (281) 768-3610
E: mauro@ramirezpllc.com

*Attorney for Plaintiff*