IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALISHA MITCHELL,<br>    *Plaintiff*, | §<br>§<br>§ |
| v. | §   Civil Action No. 4:23-cv-837-SL |
| | §   **JURY TRIAL DEMANDED** |
| UNIVERSITY OF HOUSTON,<br>    *Defendant*. | §<br>§<br>§ |

**DEFENDANT UNIVERSITY OF HOUSTON'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant the University of Houston (the "University") hereby files this Motion to Dismiss all of Plaintiff Alisha Mitchell's ("Plaintiff") claims. For the reasons discussed below, Plaintiff's suit should be dismissed because the allegations in her Complaint are without merit and fail to support a claim for which relief may be granted.[1] Specifically, Plaintiff's allegations fail to establish necessary elements of both her discrimination and retaliation claims.

### I.    BACKGROUND AND INTRODUCTION

Plaintiff Alisha Mitchell is a former employee of the University's Family Care Center, which is part of the Tilman J. Fertitta Family College of Medicine. The Family Care Center opened in January 2022, the same month during which Plaintiff was hired. Pursuant to University policy, Plaintiff was considered a "probationary" employee for the first six months of employment. The intent of the policy regarding the probationary period for new employees is to "determine if the employee has the skills and abilities necessary to perform the duties required in the position."

---

[1] Although Plaintiff's Complaint was initially filed March 7, 2023, service was not perfected until May 8, 2023. Indeed, Plaintiff initially attempted to serve the University through the Attorney General's Office. *See* Dkt. Nos. 4 and 5. At the time, the Attorney General's Office was not representing the University in this matter. Plaintiff's counsel contacted the University's Office of the General Counsel on April 27, 2023, to inquire about this suit. At that point, the University's attorneys informed Plaintiff's counsel that the University had not been properly served and provided information about how to perfect service. Plaintiff's counsel then requested a second summons and completed service on May 8, 2023, making the University's responsive pleading due May 30, 2023. *See* Dkt. No. 7.

Probationary employees may be terminated for any reason and without cause, as long as the reason is not illegal (e.g., discrimination or retaliation). In Plaintiff's case, she was terminated during the probationary period due to her unsatisfactory job performance, failure to meet job expectations, and failure to fulfill her job duties and responsibilities.

Following her May 2022 termination, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). In her charge, she alleged discrimination based on race and retaliation. The University submitted a position statement and additional materials in response to the charge. On December 8, 2022, after reviewing the materials submitted by the University, the EEOC issued a notice dismissing the charge and advised Plaintiff of her right to file suit within ninety (90) days. Plaintiff then filed this lawsuit, raising the same facts and allegations contained in her EEOC charge.

The University now moves to dismiss Plaintiff's claims in their entirety. Plaintiff's claims should be dismissed because the allegations contained in her Complaint do not state a claim that entitles Plaintiff to the relief sought. Even assuming Plaintiff's allegations are true (which they are not), Plaintiff's allegations fail to establish required elements of both her discrimination and retaliation claims. Therefore, Plaintiff's claims must be dismissed in their entirety.

## II. LEGAL STANDARD

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002)(citation omitted). "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Id.* However, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock*

*Co. LLC v. La. State,* 624 F.3d 201, 210 (5th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Ashcraft v. Iqbal,* 556 U.S. 662, 678 (2009). Indeed, the U.S. Court of Appeals for the Fifth Circuit has consistently held that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *See Taylor,* 296 F.3d at 378. (citation omitted).

### III. ARGUMENT

Plaintiff's claims should be dismissed because her allegations fail to support required elements of both claims of discrimination and retaliation. As it relates to discrimination, Plaintiff has failed to provide the requisite details about the nature of the claim. Notably, she has not shown that she has been replaced by someone outside her protected group or that she was treated less favorably than other similarly situated employees. Moreover, she has not indicated which scenario she alleges.

With respect to Plaintiff's retaliation claim, she cannot establish two of the requisite elements. Indeed, Plaintiff fails to specify that she engaged in any protected activity or that such activity had a causal relationship to her termination. Without allegations to support these required elements, Plaintiff cannot meet her burden and her claims must be dismissed.

**A.   Plaintiff Has Not Sufficiently Alleged a Prima Facie Case of Racial Discrimination.**

Plaintiff's discrimination claim should be dismissed because her allegations fail to establish a required element of her claim. To establish a prima facie case of discrimination under Title VII, Plaintiff's allegations must show that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of*

*Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). While Plaintiff alleges she is a member of a protected group and was discharged, she fails to allege any facts demonstrating she was replaced by someone outside her protected group. Moreover, the specific nature of the discrimination she allegedly suffered remains unclear.

Regarding the claim of discrimination, Plaintiff's Complaint only includes boilerplate language and recitation of the broad definition of discrimination. Complaint at ¶24. Indeed, Plaintiff merely alleges she was "discriminated against…in violation of Title VII" by being treated "less favorably than employees outside of her protected class." *Id*. And, although Plaintiff incorporates her prior allegations, none provide any specific information about how she was discriminated against. Such a threadbare allegation is insufficient to state a claim. The Court should not "strain to find inferences favorable to the plaintiff[]" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *R21 Inv. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal quotations omitted).

As to the fourth required element, by Plaintiff's own admission, her role has not been filled. Indeed, Plaintiff alleges her "duties were absorbed by non-Black employees, including Ms. [Danielle] Brownlie," Plaintiff's supervisor at the time of her probationary termination. Complaint at ¶20. *See Plumbar v. S. Texas Coll. of L.*, No. CV H-16-129, 2017 WL 2844030, at *5 (S.D. Tex. 2017)[2] (where plaintiff was not "replaced" by someone outside of the protected class as he failed to present evidence that all of his job duties were assumed by a single employee outside the protected class) (*citing Griffin v. Kennard Indep. Sch. Distr.*, 567 Fed. Appx. 293, 294-95 (5th Cir. 2014). Not only has Plaintiff not provided any other information about this allegation, but she has also failed to specify whether she is alleging she was replaced by someone outside her class or

---

[2] See Exhibit 1 attached for reference.

alleging that others were treated more favorably. No additional facts are provided, and the basis for Plaintiff's discrimination claims remains unclear.

To the extent Plaintiff alleges her supervisor made comments about her appearance (e.g., hair and nails) or facial expressions, those are not tied to any allegation of disparate treatment or adverse employment action. In addition, her former position remains open and has not been filled since Plaintiff's termination.

As the basis for Plaintiff's discrimination claim is unclear from her Complaint, and Plaintiff fails to allege any specific disparate treatment, Plaintiff's discrimination claim must be dismissed. *See Chhim v. Univ. of Houston Clear Lake*, 129 F. Supp. 3d 507, 513 (S.D. Tex. 2015) (holding a plaintiff failed to establish a prima facie case of discrimination where the plaintiff did not allege "facts showing that similarly situated individuals outside of his protected class were treated more favorably under nearly identical circumstances" or that he had been replaced with someone outside his protected class).

**B.** **Plaintiff Has Not Alleged a Prima Facie Case of Retaliation Because There is No Causal Connection Between Any Protected Activity and Her Probationary Termination.**

Plaintiff's retaliation claim should be dismissed because the allegations in her Complaint fail to plausibly allege two required elements of a retaliation claim. For a prima facie case of retaliation, Plaintiff must show that: "(1) [s]he participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy*, 492 F.3d at 556–57. Plaintiff fails to allege any protected activity on which to base her claim. And, critically, Plaintiff has failed to show how any of the facts raised in the Complaint were causally related to her termination.

Plaintiff alleges her supervisor, Danielle Brownlie, "engaged in inappropriate conduct toward [her], including rudely commenting on [her] nails and hair and making facial expressions toward her physical appearance indicating disgust." Complaint at ¶13. Plaintiff alleges she "expressed concerns" to another employee that Ms. Brownlie was "treating her differently because of her race." *Id* at ¶15. Although Plaintiff states this conversation took place on May 26, 2022, the day prior to her termination, she does not indicate any specific facts or circumstances she relayed to the other University employee. That employee was not in the Human Resources department at the time. And, there is no information about what was specifically communicated to that individual, or any other facts detailing how Plaintiff alleges she was treated differently. Importantly, there is no allegation that Ms. Brownlie or any other University supervisor knew of this conversation.

Plaintiff also alleges she attempted to contact Carlos Luis, the director of Human Resources on May 27, 2022 – the same day Ms. Brownlie's request for probationary termination was approved. Plaintiff alleges she left "a voicemail" "regarding her concerns." *Id.* at ¶ 16. No information about those specific concerns has been alleged. Plaintiff further alleges she emailed Mr. Luis "asking to set up a time to speak" on the afternoon of May 27, 2022. However, Plaintiff admits the email was sent after her probationary termination had been requested. *See id.* at ¶¶ 17-18.

Thus, to the extent any allegations in Plaintiff's Complaint could be construed as protected activities, Plaintiff fails to allege any causal connection between those activities and Plaintiff's probationary termination. To meet her burden, Plaintiff must "demonstrate that the employer's decision 'was based in part on knowledge of the employee's protected activity.'" *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305 (5th Cir. 2020) (quoting *Medina v. Ramsey Steel Co.*, 238

F.3d 674, 684 (5th Cir. 2001)). Here, and as mentioned above, there is no allegation that Ms. Brownlie even knew Plaintiff had expressed concerns about her behavior. Such allegations are required to support a retaliation claim. *Compare Yoke Lye L Kwong v. Christus Health,* No. 2:22-cv-00211, 2023 WL 3437302, *3 (S.D. Tex. April 25, 2011) (finding the requisite causal connection between protected activities and adverse employment action where an allegedly adverse employment action took place after an employee brought an EEOC charge).

Not only are there no facts showing how Plaintiff was treated differently based on her race, but there is similarly no evidence that the University's personnel knew Plaintiff raised any concerns prior to her termination. The University was well within its rights to terminate an employee for poor performance and behavior, especially within the probationary period of employment. As explained by the Fifth Circuit, "the mere fact that some adverse action is taken *after* an employee engages in some protected activity will not *always* be enough for a *prima facie* case . . . Title VII's protection against retaliation does not permit EEOC complainants to disregard work rules or job requirements." *Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002); *see also Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007).

In sum, Plaintiff's allegations do not rise above mere speculation and do not support either of the claims alleged. Plaintiff's claims should be dismissed.

### IV.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court dismiss Plaintiff's case in its entirety.

Respectfully submitted,

BRENT WEBSTER
First Assistant Attorney General
Performing the Duties of the Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

/s/ Christina Cella
CHRISTINA CELLA
Assistant Attorney General
Texas State Bar No. 24106199
Telephone (512) 475-2952
Email: christina.cella@oag.texas.gov

*Pending admission:*

/s/ Terri M. Abernathy
TERRI M. ABERNATHY
Assistant Attorney General
Texas State Bar No. 24062894
Telephone (512) 936-0562
Email: terri.abernathy@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Division Fax (512) 477-2348

*Counsel for Defendant, University of Houston*

**CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure and Local Rule 7.1, a copy of the foregoing Motion has been electronically served on all counsel of record on May 30, 2023, via CM/ECF as follows:

Alisha Mitchell
c/o Mauro Ramirez
Ramirez Law, PLLC
1980 Post Oak Blvd., Suite 100, Houston, Texas 77056
Phone (713) 955-3480
mauro@ramirezpllc.com

*Counsel for Plaintiff Alisha Mitchell*

                                          */s/ Christina Cella*
                                          CHRISTINA CELLA
                                          Assistant Attorney General